# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LYNN SERPICO,**

        **Plaintiff,**

**-vs-**                                      **Case No. 6:11-cv-1547-Orl-28DAB**

**ALOMA BOWLING CENTER, INC.,**
**ALOMA BOWLING AND RECREATION,**
**L.L.C.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF RESOLUTION AND FOR DISMISSAL OF FLSA COUNT WITH PREJUDICE (Doc. No. 27)**
>
> **FILED:**      **June 27, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

On September 21, 2011, Plaintiff Lynn Serpico filed suit against Defendant Aloma Bowling Center, Inc. where she had been employed from April 25, 1995 until May 25, 2010. Doc. 1. She worked as a bartender, waitress, and snack bar attendant, routinely working 47 hours per week during November 18, 2009 to December 29, 2009, for which she alleges she did not receive straight time or overtime, and an additional nine hours or so from which she was underpaid. Doc. 18-1 (chart). Plaintiff sought a total of $389.08 in miscalculation and off-the-clock overtime owed. Doc. 18-1. The settlement to Plaintiff of $778.16 in unpaid wages and liquidated damages represents the full disputed amount Plaintiff sought.

The parties have agreed that Defendant will pay Plaintiffs' attorneys $1,000 in attorney's fees and costs. Doc. 27. Because Plaintiff has received the full amount sought for wages and liquidated damages and there was no compromise of the claim, the Court does not review the amount of

attorney's fees and costs. Accordingly, the settlement to Plaintiff of **$778.16** is a fair and reasonable settlement. Accordingly, it is respectfully **RECOMMENDED** that the Joint Motion for Approval of Resolution and for Dismissal of FLSA Count with Prejudice (Doc. 27) be **GRANTED** and the Clerk be **DIRECTED** to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 28, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy